favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries and for damage to personal property alleged to have been sustained by plaintiff through the negligence of defendant. The state highway from Mooers Junction to Champlain runs on the south side of the defendant's railroad, nearly parallel to it, until it reaches a point a short distance west of Perry's Mills, when it turns to the north and crosses the track of the defendant and then runs a considerable distance on the north side of the track. The accident occurred at about two-thirty P. M. The plaintiff was driving a five-passenger automobile from the village of Mooers towards the village of Champlain. He approached the crossing running at a speed of thirty miles per hour, as he says, until he arrived at the railroad disc sign, when he commenced to slow down, and was running at fifteen miles per hour when the train known as the milk train going west collided with him. The automobile was wrecked and the plaintiff injured. The Appellate Division held that plaintiff was guilty of contributory negligence.

*Wallace E. Pierce* for appellant.

*John M. Cantwell* and *E. W. Lawrence* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ALBERT B. FLAGG, Respondent, *v.* CUSHMAN & DENISON MANUFACTURING COMPANY, Appellant.

*Equity — master and servant — action to enjoin use of formulas and to recover salary.*

*Flagg* v. *Cushman & Denison Mfg. Co.*, 206 App. Div. 698, affirmed. (Argued April 4, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 8, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a decision

of the court on trial at Special Term. The action was in equity to enjoin the defendant from using certain formulas for making writing ink and from using the name " Pennant " for ink and to collect salary alleged to be due to plaintiff, computed from the time of his discharge by defendant to a date one year from the date of the contract. The basis of the action was a written contract, dated August 23, 1919, made between the parties. The court held that the contract constituted an agreement for the period of one year from its date. Appellant contended that the contract constituted an agreement for three months, and that after said three months' period the contract was terminable at will by either party.

*George W. Tucker* for appellant.

*Albert T. Scharps* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WALLACE D. EYRE, as Trustee in Bankruptcy of the Estate of CLEARFIELD COUNTY COAL COMPANY, INC., Appellant, *v.* THE RONDOUT NATIONAL BANK, Respondent. (Actions 1 and 2.)

*Banking — bills, notes and checks — conversion — deposit of checks payable to corporation to personal account of president thereof — when bank in which checks were deposited not liable in action for conversion.*

*Eyre* v. *Rondout Nat. Bank*, 206 App. Div. 806, affirmed.

(Argued April 4, 1924; decided May 13, 1924.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 11, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury. Between November 6, 1919, and February 2, 1920, ten checks aggregating $93,983.09 payable to the Clearfield County Coal Company, indorsed by Edward G. Murray, as president, were deposited in the defendant bank to the personal credit of

36